UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| CONTE'S BIKE SHOP, INC., a Virginia Corporation, | ) ) ) |
| CHARLES R. CONTE, JR. | ) ) |
| and | ) ) |
| DAVID L. CONTE, | ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil Action No. 2:08cv467 |
| PENNY JO PAGONA, | ) ) |
| and | ) ) |
| P & K VENTURES, INC., | ) ) |
| Defendants. | ) |

**PLAINTIFFS' REBUTTAL MEMORANDUM IN SUPPORT
OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiffs, Conte's Bike Shop, Inc. ("CBS"), Charles R. Conte, Jr. ("C. Conte"), and David L. Conte ("D. Conte"), by counsel, pursuant to Federal Rule of Civil Procedure 56, file this Rebuttal Memorandum in Support of Their Motion for Partial Summary Judgment.

**I.        PRELIMINARY STATEMENT**

The fundamental issue in this case is whether Defendants were entitled to register the "Conte's Bicycle & Fitness Equipment" and "Conte's" proprietary trademarks (the "Marks") with Penny Pagona ("Pagona") identified as the owner of the Marks. Because CBS is the owner of the Marks, this Court must exercise its authority under 15 U.S.C. §§ 1064 and 1119 to cancel

Pagona's registration of the "Conte's Bicycle & Fitness Equipment" Mark and terminate Pagona's application for registration of the "Conte's" Mark.

Defendants argue that, in order for this Court to take such action, Plaintiffs must establish, by clear and convincing evidence, that Pagona made fraudulent misrepresentations to the United States Patent and Trademark Office ("USPTO"). This assertion is simply wrong.[1] Pursuant to 15 U.S.C. § 1064, because the Marks have not been registered for more than five years, Plaintiffs may challenge the registration of the Marks for any reason that would have prevented registration in the first place. Further, Plaintiffs are only required to establish Defendants' improper registration of the Marks by a preponderance of the evidence.

As established below and in prior briefs, CBS acquired ownership of the Marks through its use of the Marks in commerce for years before Defendants ever entered the picture. By virtue of CBS's continuous use of the Marks, it became nationally known and respected in the bicycle industry. The Franchise Rights and License Purchase Agreement ("License Agreement") between CBS and P&K granted to P&K only a limited license to use the Marks in establishing franchise stores, not ownership of the Marks.[2] Therefore, Defendants were not entitled to registration of the Marks with Pagona (or P&K for that matter) identified as owner. Further, Defendants' affirmative defenses fail to bar Plaintiffs' claims because (i) Pagona's efforts at registration are void *ab initio*, (ii) Plaintiffs were not aware of the crucial fact that Defendants applied for registration of the Marks with Pagona identified as the owner, and (iii) Defendants were not in any way prejudiced by any inaction on Plaintiffs' part.

---

[1] Apparently upon reviewing Plaintiffs' Memorandum in Opposition to Defendants' Motion for Summary Judgment ("Plaintiff's Memo in Opp. to SJ") and the cases cited therein, Defendants have abandoned this argument, as it is never referenced in their Memorandum of Law in Reply to Plaintiffs' Opposition to Defendants' Motion for Summary Judgment ("Defendants' Reply to Plaintiff's Memo in Opp. to SJ"). However, as the argument was asserted at length in Defendants' Memorandum in Opposition to Plaintiffs' Motion for Partial Summary Judgment ("Defendants' Memo in Opp. to Partial SJ"), Plaintiffs will fully respond to the argument in this reply brief.
[2] All of the facts are undisputed as Pagona admitted to all of them in her deposition.

Finally, because Defendants now recognize that this Court must cancel Pagona's registration of the "Conte's Bicycle & Fitness Equipment" Mark and terminate Pagona's application for registration of the "Conte's" Mark, they attempt to redirect Plaintiffs' claim. Defendants attempt to fashion the relief granted in this case by asking this Court to "enter an order in equity" determining the rights of the parties. Plaintiffs determine the measure of relief sought, not defendants. Defendants now ask for relief under a statute not even cited in the Complaint. Defendants had full opportunity to file either their own suit or a counterclaim in this action, and failed to do so. Plaintiffs' primary objective in filing this case was to protect CBS's ownership of the Marks. Despite Defendants' efforts to avoid this issue, the Court must declare that CBS is the owner of the Marks and strike down Defendants' actions claiming ownership.

## II.  ARGUMENT

### A.  Defendants' arguments related to Counts I and II of the Complaint are irrelevant.

Plaintiffs have not moved for Summary Judgment on Counts I and II of their Complaint, which assert claims for trademark infringement due to Defendants' improper use of the Marks. Despite this, Defendants asserted several arguments on brief that are relevant only to Counts I and II of Plaintiffs' Complaint, and, therefore, have no bearing on Plaintiffs' Motion for Summary Judgment as to Counts III, IV and V.

Counts III and IV of the Complaint assert claims for cancellation of Pagona's registration of the "Conte's Bicycle & Fitness Equipment" Mark and termination of Pagona's application for registration of the "Conte's" Mark, respectively. As set forth in detail in Plaintiffs' Memorandum in Support of Their Motion for Partial Summary Judgment ("Plaintiffs' Memo in Supp. of Partial SJ"), 9-15; Plaintiffs' Memorandum in Opposition to Defendants' Motion for Summary Judgment ("Plaintiffs' Memo in Opp. to SJ"), 12-17; and § II.B.1, *infra*, the only

relevant issue in regard to Counts III and IV of the Complaint is whether Defendants were entitled to register the Marks with Pagona identified as the owner.

Count V of the Complaint asserts a claim under Va. Code § 8.01-40 arising from Defendants' unauthorized use of the Charles and David Conte's (collectively, the "Contes") name for advertising purposes without their consent. As explained in Plaintiffs' Memo in Supp. of Partial SJ, 15-16; Plaintiffs' Memo in Opp. to SJ, 19-20; and § II.C, *infra*, the only relevant issue in regard to Count V is whether the Contes consented to Defendants using their name for advertising purposes.

Defendants assert in § 4 of their brief that "the key issue regarding any claim for infringement of a common law or registered trademark, or for false designation of origin, is whether use of the mark by a defendant is likely to confuse the consuming public." Defendants' Memo in Opp. to Partial SJ, 9. Defendants assert further in § 6 of their brief that "Defendants have not used any 'proprietary marks' of CBS in violation of the contract rights CBS has expressly and exclusively granted to P&K by contract."[3] Defendants' Memo in Opp. to Partial SJ, 10-11. Neither of these assertions relates in any manner to Defendants' registration of the Marks or Defendants' unauthorized use of the Contes' name for advertising purposes. Rather, they are relevant only to Plaintiffs' claims for trademark infringement. The arguments are, therefore, immaterial to this Motion for Partial Summary Judgment.

---

[3] Defendants assert that this argument is relevant to Count V of Plaintiffs' Complaint. However, this assertion is based on Defendants' inaccurate construction of Count V as a claim for "improper use of <u>CBS's marks</u> by P&K in violation of Virginia state law." (emphasis added) Defendants' Memo in Opp. to Partial SJ, 10-11. As established in Plaintiffs' prior briefs, Count V of the Complaint is based on the property rights that the Contes possess in their name irrespective of CBS's proprietary marks. *See* Plaintiffs' Memo in Supp. of Partial SJ, 15-16; Plaintiffs' Memo in Opp. to SJ, 19-20.

**B.     CBS is entitled to summary judgment on Counts III and IV of the Complaint.**

   1.   *Defendants misstate the proper legal standard for Counts III and IV of the Complaint.*

Defendants assert that, in order for this Court to order cancellation of Pagona's registration of the "Conte's Bicycle & Fitness Equipment" Mark and termination of Pagona's application for registration of the "Conte's" Mark, Plaintiffs must establish, by clear and convincing evidence, that Defendants committed intentional fraud in applying for registration of the Marks with Pagona identified as the owner. Defendants' Memorandum in Support of Defendants' Motion for Summary Judgment, ("Defendants' Memo in Supp. of SJ") 18-19; Defendants' Memo in Opp. to Partial SJ, 12-13. Defendants are incorrect both that Plaintiffs must establish fraud and that Plaintiffs must prove their case by clear and convincing evidence.

As set forth in Plaintiffs' Memo in Opp. to SJ, 12-13, a plaintiff seeking cancellation of a mark's registration is only required to establish fraud if the mark has achieved "incontestable" status by virtue of being listed on the Principal Register for more than five years. *See* 15 U.S.C. § 1064(3). However, where the mark has not been registered for more than five years, "any ground that would have prevented registration in the first place qualifies as a valid ground for cancellation." *Cunningham v. Laser Golf Corp.*, 222 F. 3d 943, 945-46 (Fed. Cir. 2000) (citations omitted). *See also Brittingham v. Jenkins*, 914 F.2d 447, 454 (4th Cir. 1990) ("[I]t is not necessary for this court to address the question of fraud in this case because [the plaintiff's] registration never acquired incontestable status as provided under 15 U.S.C. § 1065."); *Marcon, Ltd. v. Helena Rubenstein, Inc.*, 694 F.2d 953, 956 (4th Cir. 1982) ("[A] party claiming prior use of a trademark may seek to cancel another party's registration of the mark under [15 U.S.C. § 1064]."); *Synergistic Int'l, LLC v. Korman*, 402 F. Supp. 2d 651, 665-667 (E.D. Va. 2005)

(ordering the cancellation of a mark despite finding that the registrant "did not act in bad faith in . . . pursuing the registration of her . . . mark").

Each of the six cases cited by Defendants on this issue is very different from this case. In four of the cases, the marks for which cancellation was sought had achieved incontestable status. *See Orient Express Trading Co. v. Federated Dept. Stores, Inc.*, 842 F.2d 650, 653 (2nd Cir. 1988) ("Although [the plaintiff] had obtained <u>incontestable</u> status for two of the marks, such marks are still subject to the defense of fraud."); *Beer Nuts v. Clover Club Foods Co.*, 711 F.2d 934, 937 (10th Cir. 1983) ("The term 'Beer Nuts' was registered as a trademark in 1955 and has become <u>incontestable</u> under section 1065."); *The Money Store v. Harriscorp Finance, Inc.*, 689 F.2d 666, 671 (7th Cir. 1982) (holding that a mark that had achieved "<u>incontestable</u>" status should not be cancelled because the defendant had failed to establish fraud); *Wrist-Rocket Mfg. Co. v. Saunders Archery Co.*, 516 F.2d 846, 849 (8th Cir. 1975) ("Before the commencement of this suit, [the plaintiff's] right to use the trademark 'Wrist Rocket' in interstate commerce had become <u>incontestable</u> pursuant to 15 U.S.C. § 1065.") (emphasis added to all).

In the other two cases cited by Defendants, the party challenging the registration relied only on allegedly fraudulent misstatements made by the registering party to the USPTO, rather than asserting that the registering party had not been entitled to register the marks in the first place. *See Gear, Inc. v. L.A. Gear California, Inc.*, 670 F. Supp. 508, 512 (S.D.N.Y. 1987) ("Defendants contend plaintiff's registrations should be cancelled because the registration applications contained fraudulent misstatements."); *Five Platters, Inc. v. Purdie*, 419 F. Supp. 372, 384 (D. Md. 1976) ("Defendants counterclaimed for cancellation of the registration of 'The Platters' as plaintiff's service mark in the Patent Office because of alleged false or fraudulent representations made in the application for the registration.").

Even if Plaintiffs were required to establish fraud, Pagona's applications for registration of the Marks were intentionally fraudulent because she represented to the USPTO, under penalty of federal law, that she was the owner of the Marks and that "no other person, firm, corporation, or association has the right to use the mark in commerce." Application for Registration of "Conte's Bicycle & Fitness Equipment" Mark, attached hereto as **Exhibit 1** (pp. 3-4); Application for Registration of "Conte's" Mark, attached hereto as **Exhibit 2** (p. 7). As has been established at length both in this and prior briefs, both of these statements are false.

Further, Pagona took steps to ensure that the Contes did not find out about her registration of the Marks. After applying for registration of the "Conte's Bicycle & Fitness Equipment" Mark, Pagona directed Glenn Bregman, at the time P&K's operations manager, not to discuss with the Contes the fact that Pagona was identified as the owner of the Mark on the application for registration. Affidavit of Glenn Bregman ("Bregman Aff."), attached hereto as **Exhibit 3**, at ¶ 9. Therefore, even if the standard were fraud, Plaintiffs would be entitled to summary judgment because Pagona obviously hid the information from the Contes so that they would not learn that she improperly claimed ownership of the Marks.[4]

Plaintiffs challenge Defendants' registration of the Marks because Defendants wrongly applied for registration with Pagona identified as owner. Improperly claiming to be the owner of a trademark is grounds to deny the registration of the mark. *See Schnur & Cohan, Inc. v. Academy of Motion Picture Arts & Sciences*, 223 F.2d 478, 481 (C.C.P.A. 1955) ("An invalid trade-mark registered by the Patent Office, through inadvertence or otherwise, should be removed from the register by cancellation."); *Huang v. Tzu Wei Chen Food Co. Ltd.*, 849 F.2d 1458 (Fed. Cir. 1988) (holding that when an individual registers a mark that she does not own in

---

[4] Plaintiffs learned only on June 25, 2009 that Bregman had this information, and got his Affidavit on June 29, 2009.

her own name, the registration is *void ab initio*, even if the registrant is the owner of an entity that owns the mark); Plaintiffs' Memo in Supp. of Partial SJ, 9-15; Plaintiffs' Memo in Opp. to SJ, 15-17.

In an action challenging the registration of a mark that has been listed on the Principal Register for less than five years, the party seeking cancellation is merely required to prove that the registration is invalid by a preponderance of the evidence. *See Pizzeria Uno Corp. v. Temple*, 747 F.2d 1522, 1529 (4th Cir. 1984); *West Fla. Seafood v. Jet Restaurants*, 31 F.3d 1122, 1125 (Fed. Cir. 1994); *Hot Stuff Foods, LLC v. Mean Gene's Enters.*, 468 F. Supp. 2d 1078, 1090 (D.S.D. 2006). Because the Marks have not been listed on the Principal Register for five years, Plaintiffs are only required to establish that Defendants were not entitled to register the Marks with Pagona identified as the owner by a preponderance of the evidence. All relevant facts indicate that Pagona's applications for registration of the Marks, identifying herself as owner of the Marks, were improper.

2. ***CBS owns the "Conte's" mark.***

Defendants claim that CBS has no rights in the "Conte's-Enjoy the Ride" mark. As an initial matter, no such mark exists. Defendants take two separate marks, the "Conte's" Mark and the "Enjoy the Ride"[5] mark, and, without any explanation for doing so, combine these marks and refer to them together as a single trademark.

In reality, these are two separate marks, as shown by the fact that Defendants applied for registration of these marks with the USPTO separately, with the application for registration of

---

[5] Plaintiffs have not asserted a claim regarding the "Enjoy the Ride" mark because Plaintiffs were not aware of Defendants' efforts to register this trademark at the time the Complaint was filed. Therefore, any allegation relating to this mark is irrelevant to this action.

the "Conte's" Mark making no mention of the "Enjoy the Ride" mark, and vice versa. *See* Exh. 2 (Application for Registration of the "Conte's" Mark); Application for Registration of the "Enjoy the Ride" mark, attached hereto as **Exhibit 4**. Presumably, Defendants attempt to fabricate a hybrid mark now because they realize that CBS quite clearly owns the "Conte's" Mark based on its use of the Mark in commerce for decades prior to Defendants' arrival on the scene, as established in Plaintiff's Memo in Supp. of Partial SJ, 9-10, and further demonstrated by the following excerpt from Pagona's deposition:

> Q. And you understand that CBS was using Conte's and people knew of Conte's Bicycle & Fitness Equipment for years as Conte's, correct?
> A. Yes.

Deposition of Penny Pagona ("Pagona Dep."), attached hereto as **Exhibit 5**, at 147:16-19.

Additionally, Plaintiffs neither need nor have ever requested permission from P&K to use the "Conte's" mark in the operation of their company-owned stores. Affidavit of David Conte ("D. Conte Aff."), attached hereto as **Exhibit 6**, at ¶¶ 5-6. Defendants claim that P&K granted to Plaintiffs the right to use the Mark "at the Plaintiffs' Richmond franchise." This claim is both false and irrelevant because the Richmond store was a franchise store which was owned by Richmond Bicycle Corporation, a wholly distinct entity from CBS. *Id.* at ¶¶ 2-4. Defendants can cite no evidence to support their assertion that CBS was "permitted" by P&K to use the "Conte's" Mark at the CBS-owned store in Virginia Beach, because CBS never gave up the right to do so under the License Agreement. *Id.* at ¶ 5. CBS owns and has always owned the Marks. It does not need "permission" from Defendants to use the Marks.[6]

---

[6] Of course, if the registration is permitted to stand, Defendants arguably could require that CBS stop using the Marks which it has traded under for decades.

### 3.   The "Conte's Bicycle & Fitness Equipment" Mark has acquired secondary meaning.

Defendants claim that the "Conte's Bicycle & Fitness Equipment" Mark has not acquired secondary meaning because it has not "achieved distinctiveness in the minds of consumers." Defendants' Memo in Opp. to Partial SJ, 8. As an initial matter, Defendants' argument is rebutted by Defendants' own application and registration of the Mark, as a descriptive mark is not registrable unless it has acquired secondary meaning. *See Synergistic Int'l, LLC v. Korman*, 470 F.3d 162, 172 (4th Cir. 2006).

The Marks have acquired secondary meaning because, by virtue of CBS's use of the Marks in commerce for decades, consumers associate the Marks with the products and services provided by CBS. "Secondary meaning is defined as the consuming public's understanding that the mark, when used in context, refers, not to what the descriptive word ordinarily describes, but to the particular business that the mark is meant to identify." *Larsen v. Terk Techs. Corp.*, 151 F.3d 140, 148 (4th Cir. 1998); *see also Dayton Progress Corp. v. Lane Punch Corp.*, 917 F.2d 836, 839 (4th Cir. 1990) ("[T]he prime element of secondary meaning is a mental association in buyers' minds between the alleged mark and a single source of the product.") (quoting 1 J. McCarthy, Trademarks and Unfair Competition, § 15.2 at 659).

As recognized by Glenn Bregman,[7] the former operations manager of P&K, the Marks "are well known throughout the Tidewater and Central Virginia regions and have been for many years." Exh. 3 (Bregman Aff.) at ¶ 5. The Conte's Bicycle and Fitness Equipment stores "were known as one of the top independent bicycle retailers, if not the top bicycle retailer, in the Tidewater and Central Virginia regions" and "were well known nationally in the bicycle industry

---

[7] Mr. Bregman has a long familiarity with both Plaintiffs and Defendants, as he worked with the Contes during his employment with P&K and was familiar with Conte's Bicycle and Fitness Equipment stores for years prior to his employment with P&K. *See* Exh. 3 (Bregman Aff.) at ¶¶ 3, 4.

for many years prior to 2002." *Id.* at ¶ 6; *see also* Exh. 6 (D. Conte Aff.) at ¶ 7. Additionally, during her deposition, Pagona agreed that CBS, doing business under the trade name "Conte's Bicycle & Fitness Equipment," had, and still has, "a good reputation with their consumers," and was known as "the largest bike shop in Virginia Beach", and "the only bike shop in Norfolk." Exh. 5 (Pagona Dep.) at 64: 1-18.

Lastly, Defendants' claim that the "Conte's Bicycle & Fitness Equipment" Mark lacks secondary meaning is contrary to marketing materials for the "Conte's Bicycle and Fitness Equipment" franchises authored by P&K, in which Defendants acknowledged that "Conte's became famous for providing customers with a one-of-a-kind buying experience that made Conte's customers, not only repeat customers, but customers for life." *See* Exh. 6 (D. Conte Aff.) at ¶ 8, Exh. A (emphasis added).

### 4. *CBS transferred only a limited license to P&K.*

Defendants allege that the License Agreement between CBS and P&K transferred "all of CBS's rights to any 'proprietary marks' to P&K." Defendants' Memo in Opp. to Partial SJ, 9. Defendants presumably refer to "CBS's rights" to proprietary marks rather than "ownership" of the Marks because Pagona admitted numerous times during her deposition that the License Agreement did not transfer ownership of the Marks. *See* Exh. 5 (Pagona Dep.) at 69:1-71:22; 77:11-78:20; 100:19-101:14. No matter how Defendants choose to state the issue, the License Agreement only granted to P&K a limited license to use the Marks within the context of establishing franchise stores. *See* Plaintiffs' Memo in Supp. of Partial SJ, 11-12; Plaintiffs' Memo in Opp. to SJ, 17-19. The fact that CBS agreed not to license these rights to third parties or to open any additional stores in competition with the franchise stores may establish that the

license has some exclusivity, but it does nothing to establish that CBS transferred all of its "rights" (i.e., ownership) to its proprietary marks to P&K.

### 5. *Defendants are not entitled to determine the relief sought by Plaintiffs.*

Plaintiffs have asked this Court to exercise its authority under 15 U.S.C. §§ 1064 and 1119 to cancel Pagona's registration of the "Conte's Bicycle & Fitness Equipment" Mark and terminate Pagona's application for registration of the "Conte's" Mark. Apparently realizing that Plaintiffs are entitled to the requested relief, Defendants would prefer to argue about something else entirely. Defendants now ask this Court for a declaratory judgment determining the respective rights of the parties under the License Agreement. Defendants' Memo in Opp. to Partial SJ, 16. However, Defendants are not entitled to determine the relief sought in this case. If they felt a declaratory judgment was appropriate, Defendants had full opportunity to file either their own suit or a counterclaim in this action, and failed to do so. Plaintiffs have challenged Defendants' registration of the Marks under 15 U.S.C. § 1064, and Defendants cannot now request relief under a separate section of the Lanham Act.

Defendants claim that the most important issue in this case is the determination of the respective rights of the parties to the Marks. However, as established at length in prior briefs and in § II.B.2, *supra*, there is no dispute about the fact that, under the License Agreement, CBS retained ownership of the Marks and the right to use the Marks at company-owned stores. There is also no dispute that P&K was granted a license to allow its franchisees to use the Marks. As Plaintiffs have maintained from the outset, this case is about whether Defendants were entitled to register the Marks with Pagona identified as the owner of the Marks. Because CBS is the owner of the Marks, and transferred only a license to P&K, this Court must cancel Pagona's registration

of the "Conte's Bicycle & Fitness Equipment" Mark and terminate Pagona's application for registration of the "Conte's" Mark.

### C. The Contes are entitled to summary judgment on Count V of the Complaint.

Defendants assert that Plaintiffs are not entitled to summary judgment on Count V of the Complaint because Defendants discussed the use of "Conte's USA" with Plaintiffs before using it and Plaintiffs did not object. Defendants' Memo in Opp. to Partial SJ, 16. This is directly contradicted by Pagona's admission during her deposition that Charles Conte objected to P&K doing business as "Conte's USA" when the idea was discussed. *See* Exh. 5 (Pagona Dep.) at 140:11-16. Further, Defendants' contention that "Conte's USA" is not a mark of CBS is entirely irrelevant to the claim of Charles and David Conte, under Va. Code § 8.01-40, that P&K is using the Contes' name for advertising purposes without their written consent. *See* Plaintiffs' Memo in Supp. of Partial SJ, 15-16; Plaintiffs' Memo in Opp. to SJ, 19-20.

### D. Defendants' affirmative defenses do not bar Plaintiffs' claims.

Defendants' affirmative defenses fail to bar Plaintiffs' claims for several reasons. As established at length in Plaintiffs' Memo in Opp. to SJ, 20, Defendants' affirmative defenses fail to bar Plaintiffs' claims because Pagona's registration of the "Conte's Bicycle & Fitness Equipment" Mark and application for registration of the "Conte's" Mark, identifying the improper owner of the Marks, are *void ab initio*, and thus cannot be saved by any action or inaction on the part of Plaintiffs.

Further, Defendants' affirmative defenses of acquiescence, equitable estoppel, and laches each rely on the assertion that Plaintiffs failed to timely exercise their right to object to Defendants' registration of the Marks. This argument is directly contradicted by the clear language of the Lanham Act, which provides a five-year time frame for a party to challenge the

registration of a mark for any reason that would have prevented registration in the first place. 15 U.S.C. § 1064(1); *Cunningham*, 222 F. 3d at 945-46. Because Plaintiffs have challenged the registrations within this five-year time frame, they cannot be held by "principles of equity" to have waived their right to object to Defendants' registration of the Marks.

Additionally, Defendants' arguments are fatally flawed because Plaintiffs were not aware of the crucial fact that Defendants applied for registration of the Marks with Pagona, rather than CBS,[8] identified as the owner. Plaintiffs' Memo in Opp. to SJ, 20-23. As stated by Glenn Bregman, who was employed by P&K during Pagona's registration of the "Conte's Bicycle & Fitness Equipment" Mark, Plaintiffs were not aware that Pagona had applied for registration of the Mark with herself identified as the owner because Pagona intentionally concealed this fact from them. *See* Exh. 3 (Bregman Aff.) at ¶ 8. As Mr. Bregman recognized, the Contes "would have objected strenuously had they known that Pagona or P&K was being listed as the owner of the [M]ark as they understood that CBS was the owner of the [M]ark." *Id.*

Even if Plaintiffs had been aware of this fact, Defendants cannot establish that Defendants were prejudiced by any inaction on Plaintiffs' part because Defendants took no action that they were not required to perform pursuant to the License Agreement. Plaintiffs' Memo in Opp. to SJ, 23-24. Without a demonstration of prejudice, Defendants' affirmative defenses of acquiescence, equitable estoppel, and laches fail.

---

[8] Defendants reference what they call a "red herring" argument by Plaintiffs that Plaintiffs were unaware that Pagona, rather than P&K, sought to register the Marks. Defendants' Reply to Plaintiff's Memo in Opp. to SJ, 4. Plaintiffs have never made that argument. Plaintiffs have repeatedly argued that CBS is the owner of the Marks, and the applications and registration of the Marks are invalid if any person or entity (Pagona or P&K) other than CBS is identified as the owner of the Marks.

Finally, Defendants still have failed to allege any facts in support of their unclean hands defense. Given the evidence provided by Mr. Bregman, it is now clear that Defendants are the parties with unclean hands. In any event, the unclean hands defense would be inapplicable because Defendants have no ownership rights in the Marks, and the unclean hands doctrine will not be invoked where doing so would result in leaving the property in the hands of a party with no claim to the property. *Id.* at 25-26.

### III.   CONCLUSION

WHEREFORE, Plaintiffs, Conte's Bike Shop, Inc., Charles R. Conte, Jr., and David L. Conte, respectfully request that this Court grant partial summary judgment in their favor as follows:

(i)   on Count III, by entering a declaratory judgment that CBS is the owner of the "Conte's Bicycle & Fitness Equipment" Mark and that the registration of the Mark with the United States Patent and Trademark Office by Defendant, Penny J. Pagona, be declared null and void *ab initio*; and

(ii)   on Count IV, by entering a declaratory judgment that CBS is the owner of the "Conte's" Mark and that the application for registration of the Mark with the United States Patent and Trademark Office by Defendant, Penny J. Pagona, be declared null and void *ab initio*; and

(iii)   on Count V, (a) by entering judgment in favor of Plaintiffs; (b) by entering an injunction prohibiting Defendants, P & K Ventures, Inc. and Penny J. Pagona, from using the Contes' name beyond licensing franchisees to use the name; and (c) by setting a hearing on the issue of exemplary damages; and

(iv)   for such other and further relief as the Court deems appropriate under the circumstances, including establishing the undisputed facts as proven for purposes of this action for all remaining counts pursuant to Federal Rule of Civil Procedure 56(d).

        CONTE'S BIKE SHOP, INC., CHARLES R. CONTE, JR., and DAVID L. CONTE

        _____/s/ Vernon E. Inge, Jr._____
        Counsel

Everette G. Allen, Jr. (Va. State Bar No. 05197)
Vernon E. Inge, Jr. (Va. State Bar No. 32699)
LECLAIRRYAN, A PROFESSIONAL CORPORATION
Federal Reserve Bank Building, 16th Floor
701 East Byrd Street (ZIP Code – 23219)
Post Office Box 2499
Richmond, Virginia  23218-2499
Telephone:    804.343.4095
Facsimile:    804.545.1501
E-Mail:    vernon.inge@leclairryan.com

*Attorneys for Plaintiffs, Conte's Bike Shop, Inc., Charles R. Conte, Jr., and David L. Conte*

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of June, 2009, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

>Kirk D. Berkhimer, Esq.
>The Law Office of Kirk D. Berkhimer, P.C.
>4445 Corporate Lane, Suite 219
>Virginia Beach, Virginia 23462
>E-Mail:     KDBerkhimer@KDBlawfirm.com

>Richard W. Farrell, Esq.
>The Farrell Law Group
>4900 Falls of the Neuse Road, Suite 212
>Raleigh, North Carolina 27609
>E-Mail:     rfarrell@farrell-lawgroup.com

*Attorneys for Defendants, Penny Jo Pagona and P & K Ventures, Inc.*

>           /s/ Vernon E. Inge, Jr.
>Everette G. Allen, Jr. (Va. State Bar No. 05197)
>Vernon E. Inge, Jr. (Va. State Bar No. 32699)
>LeClairRyan, A Professional Corporation
>Federal Reserve Bank Building, 16th Floor
>701 East Byrd Street (ZIP Code – 23219)
>Post Office Box 2499
>Richmond, Virginia  23218-2499
>Telephone:     804.343.4095
>Facsimile:     804.545.1501
>E-Mail:          vernon.inge@leclairryan.com

*Attorneys for Plaintiffs, Conte's Bike Shop, Inc., Charles R. Conte, Jr., and David L. Conte*